IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROBYN LEBLANC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 118-159 |
| | ) |
| GEORGIA CVS PHARMACY, LLC, and | ) |
| A.B.C., | ) |
| | ) |
| Defendants. | ) |

_____

**O R D E R**
_____

Plaintiff alleges she was an invitee at a CVS Pharmacy on August 14, 2015, when a freezer door fell off its hinge and crushed her hand. (Doc. no. 1-1, pp. 2-3.) Plaintiff alleges damages based on unspecified medical expenses, mileage expenses, and loss of quality of life. (Id. at 3.) Plaintiff filed this action in the Superior Court of Richmond County, and Defendant Georgia CVS Pharmacy, LLC, filed a Notice of Removal on September 19, 2018, asserting diversity of citizenship and a "good faith belief" the amount in controversy exceeds $75,000.00. (Doc. no. 1, p. 4.) There is no specific amount of damages claimed in the complaint. (See doc. no. 1-1, pp. 2-3.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially apparent from the complaint, "the

court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Further, the burden of proving the jurisdictional amount lies with the removing defendant. Id.

"[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Accordingly, the Court **ORDERS** Defendants to provide sufficient evidence **within fourteen days of the date of this Order** that the jurisdictional amount is in controversy.

SO ORDERED this 17th day of October, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA