IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBYN LEBLANC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-159 |
| | ) | |
| GEORGIA CVS PHARMACY, LLC, and A.B.C., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In consideration of the record, the Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the Superior Court of Richmond County, Georgia, based on lack of subject-matter jurisdiction and this civil action be **CLOSED**.

**I.     BACKGROUND**

Plaintiff alleges she was an invitee at a CVS Pharmacy on August 14, 2015, when a freezer door fell off its hinge and crushed her hand. (Doc. no. 1-1, pp. 2-3.) Plaintiff alleges damages based on unspecified medical expenses, mileage expenses, and loss of quality of life. (Id. at 3.) Plaintiff filed this action in the Superior Court of Richmond County, and Defendant Georgia CVS Pharmacy, LLC, ("CVS") filed a Notice of Removal on September 19, 2018, asserting diversity of citizenship and a good faith belief the amount in controversy exceeds $75,000. (Doc. no. 1, p. 4.) There is no specific amount of damages claimed in the complaint. (See doc. no. 1-1, pp. 2-3.)

On October 10, 2018, the Court ordered Defendants to provide sufficient evidence establishing the amount in controversy within fourteen days, after finding it is not facially apparent from the complaint Plaintiffs' claim exceeds the amount-in-controversy requirement. (Doc. no. 11.) In response, Defendant CVS cites Plaintiffs' deposition testimony and medical records and bills obtained during litigation in the Superior Court of Richmond County showing Plaintiff has sustained injuries resulting in medical expenses of $21,354.24. (Doc. no. 15, p. 3; see also doc. no. 15-2.) Additionally, Defendant CVS points to deposition testimony showing of possible future medical expenses after being diagnosed with complex regional pain syndrome and nerve damage in her wrist, which could result in permanent loss of sensation and touch in Plaintiff's left hand. (Doc. no. 15, p. 3; see generally doc. no. 15-3.) Currently, Plaintiff is being treated by multiple medical professionals. (Doc. no. 15, p. 3.)

Lastly, Defendant CVS argues Plaintiff is also contending as a result of the accident she has been unable to work. (Id. at 4.) However, there is no information on lost wages, and Defendant CVS is awaiting initial disclosures for such information. (Id.) Defendant CVS expects additional evidence of damages after initial disclosures are completed. (Id.)

## II. DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . .

. . ." 28 U.S.C. § 1332(a)(1). The Court construes the removal statute narrowly. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). And the removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754. That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted).

3

Here, Defendants have failed to meet their burden by a preponderance of the evidence to show the amount in controversy exceeds $75,000. General requests for future medical expenses, loss of quality of life from permanent damage to Plaintiff's left hand, and speculative lost wages of an undetermined amount provide no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations. Pretka, 608 F.3d at 753. Defendant CVS conceded it is currently without information as to Plaintiff's lost wages. (Doc. no. 15, p. 4.) As to Defendant CVS's hope the initial disclosures will provide more updated evidence as to the future medical expenses and permanent damage to Plaintiff's left hand, information obtained after removal is too late for the Court to consider. See Pretka, 608 F.3d at 751. Thus, the only item of damages the Court can reasonably calculate is $21,354.24 in current medical expenses which, when combined with Plaintiff's general damages pleas in her complaint, do not establish by a preponderance of the evidence an amount in controversy exceeding $75,000.

This finding is in line with precedent. See White v. Costco Wholesale Corporation, 2018 WL 4002562, at *2 (S.D. Ga. Aug. 22, 2018) (finding amount in controversy not met in slip and fall case where $54,298.10 in medicals and general damages plea); Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal response to request for admission that damages exceed $75,000, and $100,000 settlement demand), *adopted by*, 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, C.J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by*, 2016 WL 4582067 (S.D. Ga. Sept. 1,

2016) (Hall, C.J.); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000) but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and possibility of two future surgeries).

### III. CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the Superior Court of Richmond County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of November, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA